# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1554 | **DATE** | September 2, 2010 |
| **CASE TITLE** | UNITED STATES OF AMERICA v. JEFFREY BERRY | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to Vacate, Set Aside or Correct Sentence [1] is denied. Remaining motions [4][9][10] are denied.

## STATEMENT

    In this case, the petitioner, Jeffrey Berry, seeks relief under various post-conviction labels. He represents himself as he did at trial. He was convicted of one count of wire fraud and received a sentence of eleven years in custody followed by supervised release. He created a scheme to defraud using the well-known Bretton Woods scam. He represented himself (with standby counsel) after being warned he would not be able to represent himself effectively. He was warned that even if he had valid arguments and objections he would not know how to use them. That part of the warning was unnecessary because he had no defense at all. He appealed his conviction and lost on appeal. None of his claims here are constitutional in dimension. He claims now that the prosecution was an effort to silence his knowledge about theft of United States property by a bank. But, apart from its ineffectiveness in silencing him, it does not bear on the validity of his conviction because there was overwhelming evidence of his guilt. He also complains about civil damages because he was unable to continue his business dealings, the indictment was untimely and improperly filed, and the prosecution sought to prove higher loss than it would have accepted in a plea agreement. All of these issues, in theory, could be raised on appeal though competent counsel would not raise them.

    This petition is without merit because its seeks to re-litigate what he litigated once here and lost and which he did not raise on direct appeal. Finally I note that, as at trial, the petitioner relies on what he says he "can prove" instead of showing the court what evidence he has. There is no single piece of evidence disclosed by him that would prove any fact he alleges. At this stage of his case, he has to offer actual, instead of promised, evidence. At trial the prosecution had the burden of proving his guilt beyond a reasonable doubt. Here it is the petitioner that has the burden of proving he is entitled to relief and he offers nothing more than assertions that he could prove his case. This has been his recurring difficulty throughout this case-- the unwillingness to understand evidence is required. On one occasion during trial he asserted that he had proof of a certain fact. What he offered was a newspaper article which I explained to him was not evidence but mere hearsay. He offers many opinions about what happened at trial. He has not offered evidence, and

## STATEMENT

he is out of chances to do so.